UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) JUNIOR ARIAS DEJESUS and<br>(2) KAROLAYN EUSEBIO,<br><br>Defendants | Criminal No.  24cr10127<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute 400 Grams or More of Fentanyl, 100 Grams or More of p-Fluorofentanyl, 50 Grams or More of Methamphetamine, and 50 Grams or More of a Mixture and Substance Containing Methamphetamine<br>(21 U.S.C. § 846)<br><br>Count Two: Possession with Intent to Distribute 400 Grams or More of Fentanyl, 100 Grams or More of p-Fluorofentanyl, 50 Grams or More of Methamphetamine, and 50 Grams or More of a Mixture and Substance Containing Methamphetamine<br>(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(viii))<br><br>Count Three: Possession of a Firearm in Furtherance of a Drug Trafficking Crime<br>(18 U.S.C. § 924(c)(1)(A)(i))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d) & 28 U.S.C. § 2461(c)) |

INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute 400 Grams or More of Fentanyl, 100 Grams or More of p-Fluorofentanyl, 50 Grams or More of Methamphetamine, and 50 Grams or More of a Mixture and Substance Containing Methamphetamine
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about April 2021, through in or about April 2024, in Andover, Methuen, Haverhill, and Framingham, in the District of Massachusetts, Hartland and Bangor, in the District of Maine, and elsewhere, the defendants,

(1) JUNIOR ARIAS DEJESUS and
(2) KAROLAYN EUSEBIO,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, a mixture and substance containing p-Fluorofentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 100 grams or more of a mixture and substance containing p-Fluorofentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.  Accordingly, Title

21, United States Code, Sections 841(b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(viii) are applicable to this Count.

It is further alleged that, with respect to Count One, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 100 grams or more of a mixture and substance containing p-Fluorofentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendant, (1) JUNIOR ARIAS DEJESUS.  Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(viii) are applicable to defendant, (1) JUNIOR ARIAS DEJESUS.

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>
Possession with Intent to Distribute 400 Grams or More of Fentanyl, 100 Grams or More of p-Fluorofentanyl, 50 Grams or More of Methamphetamine, and 50 Grams or More of a Mixture and Substance Containing Methamphetamine
(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(viii))

The Grand Jury further charges:

On or about April 8, 2024, in Framingham, in the District of Massachusetts, the defendant,

(1) JUNIOR ARIAS DEJESUS,

did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 100 grams or more of a mixture and substance containing p-Fluorofentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(viii).

## COUNT THREE
Possession of a Firearm in Furtherance of a Drug Trafficking Crime
(18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about April 8, 2024, in Framingham, in the District of Massachusetts, the defendant,

(1) JUNIOR ARIAS DEJESUS,

did knowingly possess a firearm, to wit: a Taurus G3C, 9mm handgun, bearing serial number ACM674837; and a Walther PPS, 9mm handgun, bearing serial number AO2904, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, to wit: Conspiracy to Distribute and to Possess with Intent to Distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 100 grams or more of a mixture and substance containing p-Fluorofentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, as charged in Count One of the Indictment, and Possession with Intent to Distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 100 grams or more of a mixture and substance containing p-Fluorofentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and 50 grams or more of a mixture and

substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(viii), as charged in Count Two of the Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts One and Two, the defendants,

    (1) JUNIOR ARIAS DEJESUS and
    (2) KAROLAYN EUSEBIO,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following assets:

    a. $5,091.00 in United States currency seized from JUNIOR ARIAS DEJESUS on or about April 8, 2024 at 17A 2nd Street, Apartment 8a, Framingham, MA.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds that:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c), set forth in Count Three, the defendant,

(1) JUNIOR ARIAS DEJESUS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. a Taurus G3C, 9mm handgun, bearing serial number ACM674837;

   b. a Walther PPS, 9mm handgun, bearing serial number AO2904; and

   c. 5 rounds of 9mm Luger Blazer ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

_____
STEPHEN W. HASSINK
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: ____May 7____, 2024
Returned into the District Court by the Grand Jurors and filed.

_____  05/07/2024
DEPUTY CLERK

9